77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ninh Xuan NGUYEN, Petitioner-Appellant,
v.
Otis T. THURMAN, Warden, California Department of
Corrections, Respondent-Appellee.
 No. 94-56349.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1996.*
Decided Feb. 8, 1996.
 
 Before: WALLACE, Chief Judge, FERGUSON and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Ninh Xuan Nguyen appeals from the district court's denial of his petition for habeas corpus. The district court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to deny a petition for habeas corpus: Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.
 
 
 2
 Nguyen contends that he suffered constitutionally defective assistance of counsel. To establish a cognizable claim for ineffective assistance of counsel, Nguyen must establish that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). We must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691. Even if counsel's performance fell below the minimum standard, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, and that counsel's ineffectiveness resulted in a fundamentally unfair proceeding or an unreliable verdict. Lockhart v. Fretwell, 113 S.Ct. 838, 843 (1993).
 
 
 3
 Nguyen first asserts that his trial counsel was ineffective for failing to present evidence that both victims did not sit at table 20. Nguyen argues that trial counsel failed to investigate and to present testimony from Dien Phan and that counsel failed to impeach the testimony of Tony Phan and Trung Pham. Nguyen's petition to the district court does not contain this claim. Nguyen only argued that his trial counsel was ineffective for failing to call certain witnesses, but Phan was not mentioned.
 
 
 4
 Even so, Nguyen has not overcome our "strong presumption" that trial counsel was effective. Nguyen does not present evidence establishing that trial counsel failed to locate or interview Phan. Nor does Nguyen allege that trial counsel failed to obtain and read the police report, which contained Phan's statement.
 
 
 5
 Even if we presume that trial counsel erred by failing to locate and interview Phan or by failing to call him to testify, Nguyen does not explain how such a failure could have prejudiced him. Nguyen does not show that Phan would have been available at the time of trial. Nor does he establish what Phan would have said if called to testify. Phan was in the restroom at the time of the shootings, but Nguyen speculates that Phan would have testified that both victims were not sitting at table 20. Presuming that Nguyen's speculation about Phan's testimony is accurate, Nguyen still has not established that the testimony would have changed the outcome of his trial.
 
 
 6
 Nguyen's unsupported assertion that his trial counsel was ineffective for failing to cross-examine adequately prosecution witnesses is equally unconvincing. Nguyen does not indicate what counsel should have done, what counsel could have learned, and how this evidence would have impacted his trial.
 
 
 7
 Nguyen also makes two arguments relating to the transcript of a secretly recorded conversation between Dat Phan and Khanh Nguyen. Nguyen relied on the transcript as the basis for his motion to sever his trial from Dat Phan's. Nguyen sought a separate trial because, he asserted, Dat would testify and exculpate him in a separate trial, but not in a joint one. However, a police translation of the transcript indicated that Dat had implicated, not exculpated, Nguyen.
 
 
 8
 Nguyen argues that the police translation of the conversation is inaccurate. He contends that his trial counsel was ineffective for failing to have the transcript translated independently. In a related argument, he asserts that counsel should have presented an authenticated translation in the motion for a severance. Again, Nguyen did not raise this argument in the district court.
 
 
 9
 Even if we get to the issue and even assuming that trial counsel's handling of the transcript was erroneous, the error was not prejudicial. Nguyen can establish prejudice only by showing that the trial court's refusal to sever Nguyen's trial--the result of counsel's alleged error--was so manifestly prejudicial that Nguyen was denied a fair trial. See United States v. Taren-Palma, 997 F.2d 525, 533 (9th Cir.1993), cert. denied, 114 S.Ct. 1648 (1994). Nguyen has not made that showing.
 
 
 10
 The trial court, after conducting an in camera hearing, held that Nguyen had not shown that a joint trial would be prejudicial. In denying the motion, the trial court recognized trial counsel's contention that the police translation "may [contain] some serious errors." Because of the alleged discrepancies in translations, and because the conversation took place two years after the murders, the court was concerned about the reliability of what was or what may have been said. For those reasons, the trial court refused to consider the conversation as the basis for a motion to sever. Rather, the court relied on Dat's separate declaration, which, the court found, did not exculpate Nguyen.
 
 
 11
 We agree with the district court that the existence of the transcript merely established a remote possibility that Phan would exculpate Nguyen, and that "the mere potential of obtaining such unreliable testimony at a separate trial is simply too speculative for this [c]ourt to conclude that [Nguyen] was deprived of a fair trial."
 
 
 12
 AFFIRMED.
 
 
 13
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4